RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

JAMES PETRILA
NITHYA SENRA
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-307-6648 (Petrila)
202-307-6570 (Senra)
202-307-0054 (f)
James.Petrila@usdoj.gov
Nithya.Senra@usdoj.gov

ROBERT S. BREWER, JR.
United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. **'20CV0087 BEN KSC** |
| Plaintiff, | ) |
| | ) **COMPLAINT TO REDUCE** |
| v. | ) **CIVIL PENALTY** |
| | ) **ASSESSMENTS TO** |
| Robert Goldsmith, | ) **JUDGMENT** |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff, the United States of America ("United States"), with the authorization of the Secretary of the Treasury (*see* 31 U.S.C. § 3711(g)(4)(C)) and at the direction of the Attorney General of the United States, brings this timely action to collect from the Defendant Robert Goldsmith ("Defendant") an outstanding civil penalty (31 U.S.C. § 5321(a)(5)), commonly known as an FBAR penalty.

1

1. This penalty was assessed against the Defendant for his failure to timely report his financial interest in, and/or his signatory authority over, a foreign bank account for the 2008, 2009 and 2010 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest, having a total balance due to the United States of America of $303,413.87 as of January 3, 2020.

2. Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. §§ 3001-3308) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support of this action, the United States alleges as follows:

**DEFENDANT**

3. Defendant Robert Goldsmith is a United States citizen, who currently resides in Paradise Valley, Arizona.

**JURISDICTION AND VENUE**

4. Jurisdiction over the above captioned action is conferred upon this district court by 28 U.S.C. §§ 1331, 1345 and 1355.

5. Venue properly lies in the District of Arizona under 28 U.S.C. § 1391(b)(1) because Defendant resides within the judicial district. Further, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FOREIGN BANK OR OTHER FINANCIAL ACCOUNTS**

6. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the Internal

Revenue Service ("IRS") for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

7. To fulfill this requirement during the years at issue, 2008, 2009 and 2010, a person was required to file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

***Basler Kantonalbank Account***

9. Prior to 1982, Defendant's father opened a bank account at Basler Kantonalbank, a Swiss cantonal bank. When Defendant's father died in 1982, Defendant's mother inherited that account.

10. Prior to 1989, Defendant was added as a signatory to the account at Basler Kantonalbank.

11. When Defendant's mother died in 1989, Defendant inherited the funds deposited there and traveled to Switzerland to meet a representative of Basler Kantonalbank.

12. Defendant became the title holder to a Basler Kantonalbank account containing the inherited funds and ending in number 8171 (the "Basler Account"). Defendant owned and managed the Basler Account, and personally used and profited from the funds in the Basler Account. As part of his management of the account, Defendant added his wife and son as signatories to the Basler Account.

13. Defendant met annually with an account advisor from Basler Kantonalbank in Switzerland. During these annual in person meetings, the Defendant made cash withdrawals from the Basler Account, which were used for

various expenses, including personal vacations in Europe. In addition to this annual meeting, Defendant managed the Basler Account through telephone calls and other correspondence.

### *Defendant Misleads His Accountant Regarding The Basler Account*

14. At some point in the 1980s, Defendant began using Howard Zipser, CPA to provide tax guidance and prepare his and his wife's U.S. Individual Income Tax Return (hereinafter "Form 1040" or "individual tax return").

15. Each year Mr. Zipser relied on information provided by the Defendant and his wife to prepare the Form 1040. For the years at issue in this matter, Mr. Zipser provided Defendant and his wife with a financial questionnaire to assist with tax planning and compliance. The Defendant and his wife were involved in the preparation of their returns, collected financial information to answer Mr. Zipser's questionnaire, and personally discussed their answers to the questionnaire, along with the information they collected, with Mr. Zipser.

16. The questionnaire Mr. Zipser provided each year included at least two questions regarding offshore accounts. Specifically, Mr. Zipser asked Defendant whether he owned foreign accounts and whether he had received any foreign income.

17. For the years 2009 and 2010, Defendant responded "no" to the question asking if he had received any foreign income, despite the fact that Defendant knew this to be false.

18. Defendant's individual tax returns did not disclose the Basler Account for any of the three calendar years at issue (2008, 2009 and 2010).

19. Defendant responded "no" to the question regarding ownership of a foreign account in 2009 on his accountant's questionnaire despite the fact that Defendant had a reportable interest in the Basler Account. The highest balance of the Basler Account in 2009 was $367,357.71.

20. In 2010, Defendant opened an account in Italy at the Banco Popolare Di Intra. On February 5, 2011, the Defendant's wife sent Mr. Zipser a letter informing him of the Italian account and asking whether any forms needed to be filled out in relation to that account.

21. Defendant did not inform Mr. Zipser of the existence of the Basler Account despite his wife exhibiting concern regarding reporting requirements for the couple's other foreign account. Defendant's wife's conversation with Mr. Zipser took place months before the June 30, 2011 reporting deadline for the 2010 FBAR.

22. Defendant responded "yes" to Mr. Zipser's question regarding ownership of a foreign account in 2010 and 2011, but only identified the Banco Popolare account. Defendant claimed that the highest balance in all of his foreign accounts was less than $10,000, when in fact the Basler Account contained $364,884 in 2010. Although the Defendant identified and disclosed the Banco Popolare account on his individual tax returns, he continued to conceal the significantly larger Basler Account from Mr. Zipser and the IRS.

*Willful Failure To File FBARs*

23. In addition to Defendant's willful failure to file FBARs for the years at issue, Defendant's interest in the Basler Account was not reported or otherwise disclosed on Defendant's 2008, 2009 or 2010 Form 1040, nor was any foreign income associated with the Basler Account reported in those years. Defendant's interest was not disclosed despite that:

    (a) the balance of the Basler Account was above $10,000 during the years of 2008, 2009 and 2010;

    (b) in the years 2003 through 2012, Defendant made annual cash withdrawals of between $17,000 and $61,000 per year from the Basler Account;

      (c)    Defendant received offshore interest and dividend income from the Basler Account in multiple years, including 2008, 2009 and 2010; and

      (d)    Defendant received gross proceeds in excess of $225,000 from the sale of securities in the Basler Account in the years following 2007.

24.    For years 2008 through 2010, Defendant did not disclose his ownership of the Basler Account or his income associated with that account on his Form 1040s.

25.    Defendant responded "no" to the Schedule B Part III question on his individual tax returns for tax years 2008 through 2010 regarding offshore accounts, and also failed to timely file FBARs for the calendar years 2008 through 2010.

26.    Defendant failed to report any foreign income on his individual tax returns for the 2008 through 2010 tax years.

27.    In the spring of 2012, prior to April 25, 2012, Defendant received a letter from Basler Kantonalbank informing Defendant and his wife of their United States tax reporting requirements.

28.    On April 25, 2012, Defendant closed the Basler Account.

//
//
//
//
//

## CLAIM FOR RELIEF: JUDGMENT FOR CIVIL PENALTIES
## (31 U.S.C. § 5321(a)(5))

*Liability for the Civil Penalty*

29. During the calendar years 2008, 2009 and 2010, Defendant was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

30. During the calendar years 2008, 2009 and 2010, Defendant had a financial interest, within the meaning of 31 C.F.R. § 1010.350(e), over the Basler Account.

31. The Basler Account was a bank account in a foreign country.

32. During each of the calendar years 2008, 2009 and 2010, the balance of the foreign accounts in which defendant had a reportable interest exceeded $10,000.

33. Defendant failed to timely file an FBAR with regard to the 2008, 2009 and 2010 calendar years as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

34. The failure of Defendant to timely file an FBAR with regard to the 2008, 2009 and 2010 calendar years was willful within the meaning of 31 U.S.C. § 5321(a)(5).

*Assessment and Collection of the Civil Penalty*

35. On March 11, 2015 Defendant consented to extend the statute of limitations for assessing the FBAR penalty for calendar year 2008 to June 30, 2016.

36. On February 9, 2016 Defendant consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2008 and 2009 to June 30, 2017.

37. On February 10, 2017, Defendant consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2008, 2009 and 2010 to December 31, 2017.

38. On September 6, 2017, Defendant consented to extend the statute of limitations for assessing the FBAR penalty for calendar years 2008, 2009 and 2010 to December 31, 2018.

39. On or about June 19, 2018, a delegate of the Secretary of the Treasury timely assessed civil penalties against Defendant Robert Goldsmith in the total amount of $273,846, due to the willful failure of Defendant to timely file FBARs to disclose the Basler Account to the IRS for the calendar years 2008, 2009 and 2010 ("FBAR Penalties"), as follows:

| Year | Penalty Assessed |
|---|---|
| 2008 | $122,375.00 |
| 2009 | $82,082.00 |
| 2010 | $69,389.00 |
| **TOTAL** | **$273,846.00** |

40. A delegate of the Secretary of Treasury timely sent a notice of the assessments and demand for payment of the FBAR Penalties as described in ¶ 39 to Defendant on June 27, 2018 at Defendant's last known address.

41. In addition to the FBAR Penalties, Defendant owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1). As of January 3, 2020, an additional $4,223.98 in interest and $25,343.89 in penalties had accrued.

42. As of January 3, 2020, the unpaid balance owed to the United States by Defendant for the FBAR Penalties, the late payment penalties, applicable fees and interest, less any payments, was $303,413.87.

43. The United States is entitled to a judgment against Defendant in the amount of $303,413.87 as of January 3, 2020, plus statutory accruals as provided by law from that date until fully paid.

WHEREFORE, the United States requests that the Court:

A. Enter judgment in favor of the United States of America and against Robert Goldsmith, in the amount of $303,413.87 as of January 3, 2020, plus statutory accruals from that date until fully paid; and

B. Award the United States of America its costs, and such other further relief as the Court deems just and proper.

DATED this 13th day of January, 2020.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ James Petrila*
JAMES PETRILA
NITHYA SENRA
Trial Attorneys, Tax Division
U.S. Department of Justice

MICHAEL BAILEY
United States Attorney

*Of Counsel*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Robert Goldsmith

**'20CV0087 BEN KSC**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
James Petrila, Dept. of Justice, PO Box 683, Ben Franklin Sta., Washington, DC 20044 (202) 307-6648; Nithya Senra, Dept. of Justice, PO Box 683, Ben Franklin Sta., Washington, DC 20044 (202) 307-6570

Attorneys *(If Known)*
Benjamin Heidinger, Robert J. Fedor Esq., LLC, 23550 Center Ridge Rd. Westlake, OH 44145 (440) 250-9709

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [X] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 USC 5314, 5321

Brief description of cause:
Suit to collect civil penalties for failure to file FBARs

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** 303,413.87
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/13/2020

SIGNATURE OF ATTORNEY OF RECORD: James Petrila

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](#).

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.